DAVIDOFF HUTCHER & CITRON LLP  
*Attorneys for the Debtors*  
605 Third Avenue  
New York, New York 10158  
(212) 557-7200  
Robert L. Rattet, Esq.  
Jonathan S. Pasternak, Esq.

*Presentment Date:*  
*September 14, 2020 @ 11:00 A.M.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------------------X  
In re:

F&O SCARSDALE LLC, ET Al.,[1]

                      Debtors.  
-------------------------------------------------------------------------X

Lead Case No. 20-22808  
(Jointly Administered)

# MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO OBTAIN INSURANCE PREMIUM FINANCING PURSUANT TO SECTION 364(c)(2) OF THE BANKRUPTCY CODE

The above captioned debtors and debtors-in-possession (the **"Debtors"**), by their attorneys, Davidoff Hutcher & Citron LLP, file this motion (the **"Motion"**), seeking the entry of an order, annexed hereto as Exhibit "B" (the **"Premium Financing Order"**), authorizing the Debtors to obtain premium financing pursuant to the Premium Finance Agreement annexed hereto as Exhibit "A", hereby represents and states as follows:

---

[1] *Jointly administered with Luxury Dining Group LLC, Fig & Olive Holding LLC, Fig & Olive USA Inc., F&O Lexington LLC, Fig & Olive Thirteen Street LLC, Fig & Olive Fifth Avenue LLC, F&O Houston LLC, F&O Newport Beach LLC, F&O Melrose Place Inc. and F&O Los Angeles Inc.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105, 363, 507, Bankruptcy Rules 6003, and 6004.

## BACKGROUND

5. The Debtors' and their affiliates' business consists of operating a high end restaurants under the trade name *Fig & Olive* throughout the United States.

6. On July 3, 2020 (the **"Petition Date"**), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtors' cases are being jointly administered pursuant to an order of this Court.

8. No creditor's committee has been formed in the Chapter 11 cases, and no trustee or examiner has been appointed.

9. In the ordinary course of the Debtors' business operations, it is customary for the Debtors to finance their insurance premiums to relieve the Debtors' of cash flow burdens from having to pay an annual premium(s) in one installment.

10. The Debtors therefore desire to finance their upcoming insurance policy

2

renewals pursuant to the Premium Finance Agreement with AON Premium Finance LLC annexed hereto as Exhibit "A" (the "Premium Finance Agreement").

11. The policies will bear total premiums of $629,453.34, which total sum the Debtors cannot pay at this time.

12. The policies are extremely valuable policies and it is essential to maintain them in the interest of the preservation of the property, assets and business of the Debtors. The policies cannot presently be obtained for the Debtor unless the premiums are financed.

13. The Debtors have been unable to locate any source of unsecured premium financing.

14. The premiums for the policies are to be financed through Aon Premium Finance LLC ("APF") which requires the Debtors to enter into the Premium Finance Agreement that includes a Security Agreement which grants APF a secured interest in the gross unearned premiums which would be payable in the event of cancellation of the insurance policies and which further authorizes APF to cancel the financed insurance policies and obtain the return of any unearned premiums in the event of a default in the payment of any installment due. The APF Premium Finance Agreement will be assigned to and accepted and funded by AFCO (CREDIT OR ACCEPTANCE) CORP ("AFCO"), which will succeed to all of APF's rights and obligations pursuant to such Agreement.

15. In view of the importance of maintaining insurance coverage with respect to business activities and the preserving of the Debtors' cash flow and estate by financing the insurance premiums, the Debtors believe that it would be in the best interests of the Debtors' estate and creditors to induce APF/AFCO to enter into such Premium Finance Agreement.

WHEREFORE, the Debtors pray that an Order pursuant to Section 364(c)(2) of the Bankruptcy Code be made and entered herein authorizing the Debtor to enter into the Premium Finance Agreement and approving the terms thereof, including all rights and privileges granted APF and its assignee, AFCO, therein and authorizing AFCO to exercise all of its rights without first securing any additional Order of the Court, including, without limitation, relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code, and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
      August 31, 2020

      DAVIDOFF HUTCHER & CITRON LLP
      *Attorneys for the Debtors*
      605 Third Avenue
      New York, New York 10158
      (212) 557-7200

      By:*/s/ Robert L. Rattet*
      Robert L. Rattet, Esq.