DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for the Debtors*
*60*5 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

F&O SCARSDALE LLC, ET AL.,[1]                              Lead Case No. 20-22808(SHL)
                                                           (Jointly Administered)

                                   Debtors.
-----------------------------------------------------------X

# MOTION FOR ORDER AUTHORIZING DEBTORS TO OBTAIN ADDITONAL CREDIT FROM GUILLAUME FONKENELL PURSUANT TO SECTION 364(b) OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors-in-possession (the "Debtors"), by their attorneys, Davidoff Hutcher & Citron LLP, hereby submit this motion (the "Motion") for entry of an order authorizing the Debtors to obtain additional credit from Guillaume Fonkenell ("Lender") pursuant to §364(b) of the Bankruptcy Code. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] *Jointly administered with Luxury Dining Group LLC, Fig & Olive Holding LLC, Fig & Olive USA Inc., F&O Lexington LLC, Fig & Olive Thirteen Street LLC, Fig & Olive Fifth Avenue LLC, F&O Houston LLC, F&O Newport Beach LLC, F&O Melrose Place Inc. and F&O Los Angeles Inc.*

## JURISDICTION

1.  The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are §§ 105(a) and 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.  On July 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Thereafter, the instant proceedings were referred to your Honor for administration under the Code.

4.  Each Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Code.

5.  No official committee of unsecured creditors, trustee or examiner has been appointed herein.

6.  As set forth in detail in its 1007 Declaration filed with the Court, the Debtors own and operate 10 restaurants under the tradename "Fig & Olive" throughout the New York City, Chicago, DC, Houston and Los Angeles area.

2

## RELIEF REQUESTED

7.  The Debtor submits this Motion pursuant to § 364(b) of the Bankruptcy Code and Bankruptcy Rule 4001(c) seeking authority for the Debtors to obtain additional credit as a simple administrative expense as that term is defined in § 503(b)(1)(A) of the Bankruptcy Code in order to allow the Debtors to meet their ongoing ordinary and necessary post-petition operational obligations as they come due pending confirmation of a plan of reorganization in the Chapter 11 cases.

8.  On August 24, 2020, the Court entered an order authorizing the Debtors to obtain credit from Guillaume Fonkenell (the "Lender"), the Debtors' majority owner, on a final basis up to the aggregate amount of $1,800,000 pursuant to Section 364(b) of the Bankruptcy Code (the "Prior Loan").

9.  As the Court is aware, the Debtors have been slowly re-commencing operations albeit on a more limited basis as a result of the continuing COVID-19 crisis combined with the closing of several of the Debtors' restaurants and concomitant rejection of leases.

10. As set forth int eh Debtor's operating reports, the Debtors are currently running at an overall operational loss, which has resulted in the exhaustion of the Debtor's cash and available proceeds under the Prior Loan. The Debtors have now borrowed the entire $18000,000 under the Prior Loan.

11. Notwithstanding, the Debtors remain optimistic about the future of its enterprise, especially now that there appears to be more hope that a COVID vaccine might be circulated in early 2020, and the Lender and the Debtors' management remain hopeful and committed to the reorganization process.

12. The Debtors believe they still need a reasonable amount of additional time to stabilize operations and promulgate a reorganization plan. However, in order to sustain operations and remain current with its ordinary course and administrative obligations, the Debtors require additional capital.

13. To that end, the Lender, at the request of the Debtors, has agreed to provide additional DIP financing which will hopefully provide the Debtors with the necessary cash flow and capital to get to confirmation of a plan in the Chapter 11 cases.

14. The Debtors seek to borrow up to the additional sum of $1,500,000 from the Lender, pursuant to the terms of the First Amendment To Loan Agreement (the "Agreement"), a copy of which is annexed hereto as **Exhibit "A"**.

15. The Debtors seek authority to borrow the funds, in accordance with the terms of the Agreement, in order to help pay their continuing necessary and ordinary course post-petition expenses and sustain operations pending confirmation of a plan.

16. Specifically, the Debtors' employees' payroll and other ordinary and necessary expenses are due this week. As set forth in the attached projections ("**Exhibit "B"**"), the Debtors currently have insufficient cash to fully fund these obligations. If the Debtors fail to make these payments, it is likely that its employees will cease services and cause an interruption in the Debtors' operations. Additionally, the Debtors expect significant other operational expenses to be incurred during the coming months pending confirmation of a plan, for which the Debtors' current cash position is insufficient to maintain anticipated, re-commenced operations and cash flow needs for same. Accordingly, the Debtors are seeking authority to borrow additional funds from the Lender in order to remain current in their post-petition obligations.

17. The post-petition financing sought herein is required by the Debtors in order to supplement current cash flow in order meet its ordinary and necessary post-petition business expenses such as payroll, rent and suppliers until a plan of reorganization can be confirmed.

18. Until such time as a plan is confirmed, the Debtors urgently need additional funds to sustain operations. The Lender is willing to lend the necessary additional funds on the same terms as under the Prior Loan, terms which the Debtors believe are quite favorable.

## BASIS FOR THE RELIEF SOUGHT

19. § 364 (a), (b), (c) and (d) of the Bankruptcy Code provide as follows:

> (b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.
>
> (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt-
>
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
>
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
>
> (3) secured by a junior lien on property of the estate that is subject to a lien.
>
> (d)(1) The Court, after notice and a hearing, may authorize the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if-
>
>> (A) the [debtor] is unable to obtain such credit otherwise; and
>
> (B) there is adequate protection of the interest of the holder of the lien on

the property of the estate on which such senior or equal lien is proposed to be granted."

20. Thus, § 364 of the Bankruptcy Code provides for an escalating level of protection for a lender, providing such lender sufficient protection and incentive to grant credit in a speculative and uncertain business environment.

21. In the instant case, the Lender is again seeking <u>only</u> a simple administrative expense claim pursuant to § 364(b) of the Bankruptcy Code for the additional needed financing. Thus, in terms of the escalating scale of protection provided under § 364, the transaction for which approval is being sought herein is at the low end of such protections, with a limited effect on the Debtors' creditors and the estates.

22. Without such funds, the Debtors might be unable to meet their obligations including but not necessarily limited to payroll and thus be prevented from operating which will be detrimental to all interested parties. The funding is necessary to satisfy the Debtors' ongoing post-petition administrative obligations.

## TERMS AND CONDITIONS OF PROPOSED LENDING

23. The Debtors' parent, Luxury Dining Group, LLC ("LDG"), seeks to borrow up to the additional aggregate sum of $1,500,000 from the Lender, upon entry of an Order approving the borrowing on an interim and/or final basis, pursuant to terms and conditions as stated in the Agreement annexed hereto as **Exhibit "A".**

24. Consistent with the Debtors' pre-petition and post-petition practices, the Lender has agreed to advance the DIP loan to LDG. The Lender has historically, when needed, loaned monies to the Debtors via LDG, who then, in turn, distributes money to the operating

subs/Debtors on an as needed basis. LDG will distribute the DIP Loan proceeds in a similar fashion pursuant to the Budget annexed hereto as **Exhibit "B"**.

25. The loan bears interest at the reasonable rate of 3% per annum, consistent with the pre-petition and post-petition loans made by the Lender to LDG.

26. The Lender has again agreed to a simple administrative claim, with the loan to be payable, with repayments on a cash flow available basis, with the unpaid balance due upon the earlier of: (a) conversion of the Chapter 11 Cases to a proceeding under Chapter 7 of the Bankruptcy Code; (b) confirmation of a plan of reorganization in the Chapter 11 Cases; or 360 days from final approval of the loan by this Court.

27. In addition, as set forth in the proposed form of Order annexed hereto as **Exhibit "C"**, the Lender's simple administrative claim shall be subject to a carve out for the United States Trustee Fees under 28 U.S.C. Section 1930, Chapter 11 professional fees as may be allowed by the Court pursuant to 11 U.S.C. §§330 or 331 and the fees of a hypothetical chapter 7 trustee in an amount not to exceed $10,000 (the "Carve Out").

28. In light of the foregoing, the Debtors respectfully submit that the proposed Agreement is in the best interests of the Debtors, creditors and the estates at large. Without Court approval of the proposed borrowing, the Debtors will have insufficient cash with which to meet post-petition expenses, the estates' assets will be dangerously compromised thereby causing irreparable harm to the Debtors, the creditors and the estates and jeopardizing the Debtors' reorganization efforts.

### REQUEST FOR INTERIM RELIEF PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1 AND NOTICE OF THIS MOTION

29. The Debtors respectfully request that the Court permit the Debtors to borrow funds on an interim basis pending a final hearing up to the amount of $600,000 in order to sustain operations pending such final hearing and avoid irreparable harm to the estates.

30. Typically, a motion to obtain credit is a twenty (21) day motion pursuant to Federal Rule of Bankruptcy Procedure 2002. However, the Federal Rules of Bankruptcy Procedure provide for a shortening of time under certain circumstances.

31. Federal Rule of Bankruptcy Procedure 9006(c) provides as follows:

(c) *Reduction.*

(1) *In General.* Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

(2) *Reduction Not Permitted.* The court may not reduce the time for taking action under Rules 2002(a)(7), 2003(a), 3002(c), 3014, 3015, 4001(b)(2), (c)(2), 4003(a), 4004(a), 4007(c), 4008(a), 8002, and 9033(b). In addition, the court may not reduce the time under Rule 1007(c) to file the statement required by Rule 1007(b)(7).

32. Thus, the Federal Rules of Bankruptcy Procedure specifically authorize the Court to hear a motion such as the Motion herein on shortened notice, for cause shown.

33. Absent such interim authority, the Debtors may not be able to sustain operations or continue to maintain its subcontracted labor force, which would result in a cessation of operations.

8

34. Accordingly, the Debtors request that the Court grant the Debtor interim, pre-final hearing authority to borrow up to the amount of $600,000 pending a final hearing in the Chapter 11 case. A budget detailing the Debtors' additional cash flow requirements over the next approximate 3 months is annexed hereto as **Exhibit "C"**.

35. The Debtors respectfully submit that sufficient cause exists for scheduling a hearing on shortened notice to consider the Motion and refers the Court to the Affidavit of Robert L. Rattet pursuant to Local Bankruptcy 9077-1 in support of a hearing on shortened notice filed contemporaneously herewith.

36. This Motion will be served via electronic delivery upon (i) all parties asserting secured claims against the Debtor, if any, (ii) the Office of the U.S. Trustee, and (iii) and all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d).

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed form of Interim Order annexed hereto as Exhibit "C", and further grant the Debtors all of the relief requested herein, together with such other and further relief as is just and proper under the circumstances.

Dated: New York, New York
November 16, 2020

>    DAVIDOFF HUTCHER & CITRON LLP
>    *Attorneys for the Debtors*
>    605 Third Avenue
>    New York, New York 10158
>    (212) 557-7200
>
>    By: */s/ Jonathan S. Pasternak*
>        Jonathan S. Pasternak, Esq.