UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

F&O SCARSDALE LLC, ET AL.,[1]　　　　　　　　Lead Case No. 20-22808(SHL)
　　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)

　　　　　　　　　　　　Debtors.
------------------------------------------------------------X

# INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT PURSUANT TO SECTION 364(b) OF THE BANKRUPTCY CODE

**UPON** the motion (the "Motion") dated November 16, 2020 [ECF Doc. 126] of the above-captioned debtors and debtors-in-possession (the "Debtors"), by their attorneys, Davidoff Hutcher & Citron LLP, pursuant to Bankruptcy Rule 4001(c) and § 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") seeking an Order permitting the Debtor Luxury Dining Group LLC to borrow additional funds from Guillaume Fonkenell (the "Lender") in accordance with the proposed loan agreement annexed to the Motion (the "Loan Agreement") and granting Lender an administrative expense claim in consideration of the advances made under the agreement, it is hereby found and determined that:

　　　　(1) the Debtors are unable to obtain credit on any terms less stringent than those set forth in the Loan Agreement;

　　　　(2) the Debtors require the borrowing in order to preserve the property of the estates pending a plan of reorganization;

　　　　(3) the advances to be made by the Lender shall only be used for necessary and ordinary business expenses;

---

[1] *Jointly administered with Luxury Dining Group LLC, Fig & Olive Holding LLC, Fig & Olive USA Inc., F&O Lexington LLC, Fig & Olive Thirteen Street LLC, Fig & Olive Fifth Avenue LLC, F&O Houston LLC, F&O Newport Beach LLC, F&O Melrose Place Inc. and F&O Los Angeles Inc.*

(4) there is no entitlement to a brokerage or financial consultant fee associated with the transaction contemplated under the Loan Agreement;

(5) the Lender is fully capable of making the advances to the extent allowed and/or required under the Loan Agreement;

(6) no legal fees were incurred by Lender in connection with the negotiation or preparation of the Loan Agreement;

**AND,** it appearing that adequate notice having been given, no objections having been made or otherwise withdrawn, settled or overruled; and an interim hearing having been held on November 19, 2020, and upon due deliberation thereon it appearing that the relief requested is required by the Debtors, and good and sufficient cause having been shown, it is hereby

**ORDERED,** that the Debtor Luxury Dining Group LLC ("LDG") is hereby authorized and empowered pursuant to § 364(b) of the Bankruptcy Code to borrow from the Lender, on an interim basis and pending the Final Hearing (as defined below), up to the additional sum of $600,000 in accordance with the terms and conditions set forth in the Loan Agreement annexed to the Application, which Loan Agreement is hereby approved on an interim basis; and it is further

**ORDERED**, that the Lender is hereby granted, on an interim basis, an administrative expense claim in LDG's Chapter 11 case, up to the additional sum of $600,000, to the extent of unpaid advances actually made pursuant to the Loan Agreement, in accordance with § 364(b) of the Bankruptcy Code; and it is further

**ORDERED,** that the administrative expense claim granted to the Lender shall be subject to the United States Trustee Fees pursuant to 28 U.S.C. Section 1930, Chapter 11 professional fees as may be allowed by the Court pursuant to 11 U.S.C. §§330 or 331 and the fees of a hypothetical chapter 7 trustee (in an amount not the exceed $10,000); and it is further

**ORDERED,** that nothing contained herein shall operate to subordinate or modify any and all duly perfected pre-petition liens against LDG; and it is further

**ORDERED**, that a final hearing on the Motion shall be held on **December 10, 2020 at 10:00 a.m.** (the "Final Hearing"). Objections, if any to the relief requested at the Final Hearing shall be made in writing, filed with the Bankruptcy Court at the Court's website [www.nysb.uscourts.gov/](www.nysb.uscourts.gov/) (login and password required) with a copy delivered directly to Chambers and served upon Davidoff Hutcher & Citron LLP, attorneys for the Debtor, attn: Jonathan S. Pasternak, Esq. at [jsp@dhclegal.com](jsp@dhclegal.com) no later than December 3, 2020 at 4:00 p.m.

Dated: White Plains, New York
       November 19, 2020

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE